IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOZANNE GAGE-WILSON AND REGINALD HARRISON <br><br> Plaintiffs <br><br> v. <br><br> CHASE MANHATTAN MORTGAGE CORP. AND SKYLINE FUNDING, INC. <br><br> Defendants. | No. 05-C-5801 <br><br> The Honorable William J. Hibbler |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Jozanne Gage-Wilson and Reginald Harrison filed a seven count complaint against Chase Manhattan Mortgage Corporation and Skyline Funding, Inc. alleging: common law negligence against Skyline for failure to secure mortgage financing (Count I); violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFDBPA), 815 ILCS 505/1, against both Skyline and Chase (Counts II and V); common law fraud against Skyline for false promises and misrepresentations (Count III); breach of fiduciary duty against both Skyline and Chase (Counts IV and VII); and violations of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 against Chase for failure to respond to written inquiries about Plaintiffs mortgage account (Count VI). Skyline and Chase both move to dismiss the counts against them pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, the Court GRANTS Defendants' Motions to Dismiss.

**I.    Factual Background**

In resolving the motions to dismiss, the Court takes as true the following facts from the Plaintiffs' complaint. In October 2004, Plaintiffs' property at 2647 West 71st Street in Chicago,

1

Illinois, on which Chase held a mortgage, was subject to a foreclosure action. To avoid foreclosure, Plaintiffs attempted to refinance their property and contacted Skyline. Skyline pre-approved Wilson for a mortgage on the property and informed her that refinancing would be provided after Sklyine received the Plaintiffs' payment history from Chase. But Skyline never received Plaintiffs' payment history, allegedly because Skyline never requested the payment history from Chase or because Chase failed to respond to written requests inquiring about the Plaintiffs' mortgage account. Consequently in November 2004, Chase commenced a foreclosure action on Plaintiffs' property, and in December 2004 the Plaintiffs lost their property in a foreclosure sale. After a foreclosure proceeding in the Circuit Court of Cook County, Illinois, a state court entered an Order Approving Amended Report of Sale and Distribution and Order of Possession against the Plaintiffs on January 21, 2005.

## II. Standard of Review

Motions to dismiss under Rule 12(b)(6) test the sufficiency of the complaint rather than the merits of the case. *Midwest Gas Servs. v. Ind. Gas Co.*, 317 F.3d 703, 714 (7th Cir. 2003). In reviewing a motion to dismiss, a court construes all allegations in the complaint in the light most favorable to the plaintiff, taking all well-pleaded facts and allegations within the complaint as true. *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002). The moving party bears the burden of showing beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Accordingly, a court should only dismiss a plaintiff's complaint under the rule when no relief can be granted under any set of facts that could be proved consistent with the plaintiff's allegations. *Cler v. Ill. Educ. Ass'n.*, 423 F.3d 726, 729 (7th Cir. 2005). While a complaint is not required to allege all or any of the facts logically entailed by the claims, *Bennett v. Schmidt*, 153 F.3d

516, 518 (7th Cir. 1998), a complaint must not be so vague that defendants do not receive fair notice of the claims against them, *Calhoun v. Detella*, 319 F.3d 936, 939 (7th Cir. 2003).

Fed. R. Civ. Pro. 9(b) provides an exception to these liberal pleadings requirements when a claim alleges fraud. *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997). Rule 9(b) requires that in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *GE Capital Corp.*, 128 F.3d at 1078 (quoting Fed. R. Civ. Pro. 9(b)).

### III. Claims Against Skyline[1]

Plaintiffs allege in Count I that Skyline owed them a duty to obtain financing to facilitate the refinancing of their property and that Skyline breached this duty by failing to obtain such financing. Plaintiffs allege that as a result of Skyline's breach, they suffered damages when their property was sold for an amount significantly below its market value.

Under Illinois law, solely economic loss is not recoverable in tort actions under the *Moorman* doctrine. *Chicago Heights Venture v. Dynamit Nobel of Am., Inc.*, 782 F.2d 723, 726-727 (7th Cir. 1986). The Illinois Supreme Court adopted the economic loss doctrine, which precludes the recovery of purely economic damages under the tort theories of strict liability, negligence, and innocent misrepresentation when no personal injury or property damage is suffered. *Fireman's Fund Ins. Co. v. SEC Donohue*, 176 Ill. 2d 160, 163-164 (1997); *Moorman Mfg Co. v. Nat'l Tank Co.*, 91

---

[1] Skyline argues that the Illinois Credit Agreements Act bars all of Plaintiffs' claims because it requires that the credit agreement be in writing. *See* 815 ILCS 160/3. Although Plaintiffs do not allege a written agreement, the potential existence of such an agreement is not inconsistent with their Complaint (in fact, in their response, Plaintiffs assert that they had a written firm mortgage preaproval with Skyline), and therefore, at this stage of the proceeding, the Court rejects Skyline's argument that the ICAA bars Plaintiffs' claims.

3

Ill. 2d 69 (1982). Plaintiffs' negligence claim against Skyline includes only economic loss in the form of their property being sold for less than market value, and therefore is precluded by the *Moorman* doctrine. Accordingly, Count I of Plaintiffs' complaint is dismissed with prejudice.

Plaintiffs next allege Skyline defrauded them, stating generally that Skyline, "made numerous false promises and misrepresentations to Plaintiffs with regard to obtaining refinancing of the subject property." (Plaintiffs' Compl. at 5). Plaintiffs also allege that Chase "engaged in unfair and deceptive acts and practices relating to its failing to provide information concerning the payment history on the Chase mortgage which was secured by the subject of the property on behalf of Plaintiffs." (Plaintiffs' Compl. at 7). Plaintiffs' claim for common law fraud against Skyline asserts the same general misrepresentations found in the ICFDBA claim.

Under Fed. R. Civ. P. 9(b), Plaintiffs must plead their fraud claims with particularity. *Vicom, Inc. v. Hardbirdge Merchant Servs., Inc.*, 20 F. 3d 771, 777 (7th Cir. 1994). Among other things, Plaintiffs must allege the identity of the *person* (not just an unnamed Skyline employee) who made the alleged misrepresentations, the time (with more specificity than October 2004), place, and context of the misrepresentations, and the manner in which the misrepresentations were communicated to the Plaintiffs. *Vicom, Inc.*, 20 F. 3d at 777; *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 419 (2002) (claims asserting violations of the ICFDBPA must also be plead with specificity under Rule 9(b)). Here, Plaintiffs allege only general types of misrepresentations made by Skyline. Nowhere do Plaintiffs allege any facts regarding the specific circumstances in which Skyline made these misrepresentations in order to constitute either common law or statutory fraud. Plaintiffs further fail to allege precisely the manner of Chase's deceptive business practices. Furthermore, the promissory fraud rule bars Plaintiffs' fraud complaints. A fraud action must be

based on a false statement of existing fact, not a representation or promise of future conduct. *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill. 2d 145, 167-68 (1989). Here, Plaintiffs allege that Skyline promised it would, in the future, obtain Platiniffs' payment history from Chase, and then failed to perform as promised. Despite Plaintiffs' cursory argument to the contrary, their fraud claims fall squarely within the constellation of claims barred by the promissory fraud rule. As a result, the Court dismisses Counts II & III of Plaintiffs' complaint with prejudice.

Finally, Plaintiffs claim that Skyline breached a fiduciary duty that it owed Plaintiffs by failing to secure refinancing for Plaintiffs mortgage and refusing to request the payment history of Plaintiffs' mortgage. Under Illinois law, fiduciary relationships can arise in two different ways. *Burdett v. Miller*, 957 F.2d 1375, 1381 (7th Cir.1992); *Sphere Drake Ins. Ltd. v. Am. Gen. Life Ins. Co.*, 376 F.3d 664, 672 (7th Cir. 2004); *In re Estate of Long*, 311 Ill. App. 3d 959, 963 (2000). First, particular relationships, such as a principal-agent relationship, can create a fiduciary duty as a matter of law. *Sphere Drake Ins. Ltd.*, 376 F.3d at 672; *Crichton v. Golden Rule Ins. Co.*, 358 Ill. App. 3d 1137, 1149 (2005). Second, a fiduciary duty can arise due to a special relationship between the parties, where one party holds the other in a place of trust, thereby placing the latter in a position of influence and superiority over the former. *Burdett*, 957 F.2d at 1381; *Martin v. State Farm Mut. Auto. Ins. Co.*, 348 Ill. App. 3d 846, 850 (2004).

Illinois law makes clear that in an ordinary business transaction, each party protects their own interests and no fiduciary duty exists between the two parties. *Pommier v. Peoples Bank Marycrest*, 967 F.2d 1115, 1119 (7th Cir.1992); *Ransom v. A.B. Dick Co.*, 289 Ill. App. 3d 663, 672 (1997).

5

Plaintiffs' complaint makes clear that the only relationship they had with Skyline was an ordinary mortgagor-mortgagee relationship. This ordinary business relationship can not, as a matter of law, create a fiduciary relationship. Count IV of Plaintiff's Complaint is dismissed with prejudice.

## VI. Claims Against Chase

Plaintiffs raise three claims against Chase — an ICFDBA claim (Count V), a RESPA claim (Count VI) and a breach of fiduciary duty claim (Count VII). The doctrine of collateral estoppel bars all three claims. The doctrine of collateral estoppel prevents claims from being relitigated when the issues were decided in an earlier proceeding. *Havoco of Am. v. Freeman, Atkins & Coleman*, 58 F.3d 303, 308 (7th Cir. 1995). Under Illinois law the collateral estoppel doctrine applies when: (1) the issue decided in the prior adjudication is identical with the one presented in the suit in question; (2) there was a final judgment on the merits in the prior adjudication; and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication." *Brokaw v. Weaver*, 305 F.3d 660, 669 (7th Cir. 2002); *Talarico v. Dunlap*, 177 Ill. 2d 185, 191 (1997). Collateral estoppel bars not only claims that a party actually raises, but also claims that a party could have raised, a rule plaintiffs seemingly overlook. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1235 (7th Cir. 1986)

Plaintiffs premise their fraud, RESPA, and breach of fiduciary duty claims on Chase's alleged failure to provide Plaintiffs' payment history to Skyline in order to complete refinancing on their mortgage. (Pl. Compl. at 7-8). But Plaintiffs also allege that in January 2005 the state court entered an order approving the sale of their home in the foreclosure proceedings. Plaintiffs had the

6

opportunity to raise Chase's purported failures at the foreclosure proceedings, but either failed to do so or failed to convince the state court that their allegations had merit. They cannot relitigate those claims here. *Henry*, 808 F.2d at 1235-36 (refusing to allow party in foreclosure action to relitigate claims that could have been asserted as defenses in a foreclosure action in a RICO suit). Accordingly, the Court dismisses all Counts against Chase with prejudice.

IT IS SO ORDERED.

_5/17/06_
Dated

_Wm. J. Hibbler_
The Honorable William J. Hibbler